**IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **Brandie Parks** <br> **427 Cleveland Road** <br> **Linthicum Heights, Maryland 21090** <br><br> *On behalf of herself and* <br> *others similarly situated* <br><br> **Plaintiff** <br><br> v. <br><br> **Beefalo Bob's, Inc.** <br> **8015 Ft. Smallwood Road** <br> **Baltimore, Maryland 21226** <br><br> **Defendant** <br> _____/ | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Case No. _____ <br> **JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, Brandie Parks, by and through undersigned counsel, states a collective action complaint against Defendant Beefalo Bob's, Inc., pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and demand a jury trial, as follows:

**Introduction**

1. This is a civil action for unpaid wages, damages, and relief provided by the FLSA, 29 U.S.C. § 201 *et seq.*, the MWHL, Md. Code Ann., Lab. & Empl. 3-401 *et seq.*, and the MWPCL, Md. Code Ann., Lab. & Empl. 3-501 *et seq.*

2. Plaintiff seeks on behalf of herself and others similarly situated, in addition to the actual sums owed, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and

attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

6. Defendant Beefalo Bob's, Inc., a corporation formed in the State of Maryland, owns and operates Beefalo Bob's restaurant in Baltimore, Maryland.

7. At all times material herein, Beefalo Bob's, Inc. had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

8. Defendants Beefalo Bob's, Inc. employs at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of the Defendants who negotiate and purchase food from producers and suppliers who operate in interstate commerce. There are employees who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries. There are employees who regularly use wire and electronic means of communicating interstate, including the Plaintiff and other servers and bartenders, who also regularly sell food and beverages that has moved in interstate commerce, and who regularly

process credit card transactions for customer payments. There are employees who use, in the Defendant's restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because the Plaintiff, and others similarly situated, are employed by Defendant Beefalo Bob's, Inc., a covered entity, satisfying the enterprise coverage provisions under the FLSA. Defendant also satisfies the coverage provisions of the MWHL. As a covered enterprise, Defendant has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

9. Plaintiff worked as tipped employee (server and bartender) at Beefalo Bob's, a restaurant located in Baltimore, Maryland. This work was performed during the relevant statute of limitations period (last three years). As a server and bartender, Plaintiff took food/beverage orders from guests and served food/beverages to guests. In addition, the Plaintiff provided cleaning and other support tasks. As set forth below, Plaintiff seeks unpaid overtime and minimum wages, in amounts to be determined based on the evidence.

10. By failing to pay the statutory minimum wage and overtime compensation that was due to Plaintiff, Defendant willfully violated very clear and well-established minimum wage and overtime provisions of the FLSA. Plaintiff further alleges that the Defendant violated the minimum wage and overtime provisions of the MWHL. In addition to actual sums owed, Plaintiff seeks liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the minimum wages owed under the MWHL pursuant to the MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

**General Allegations**

11. Plaintiff has been employed by the Defendant within the three years preceding the filing of this lawsuit. Plaintiff may be legally employed in the United States. Plaintiff attaches to this Complaint her written consent to join this case and serve as its named Plaintiff.

12. Plaintiff performed manual work and was non-exempt from the minimum wage and overtime provisions of the FLSA and MWHL. From time to time, Plaintiff worked more than 40 hours in a statutory workweek.

13. Defendant violated the FLSA, the MWHL, and MWPCL insofar as it:

    (a) Failed to inform the Plaintiff of the tip credit provisions of 29 U.S.C. § 203(m) and Md. Ann. Code LE art. § 3-419, thereby requiring Defendant to have paid at least $7.25/hour for each of the hours worked by the Plaintiff, as opposed to $3.63/hour, the lowest rate possible under Maryland Md. Ann. Code LE art. § 3-419;

    (b) Maintained a policy and practice of requiring Plaintiff and those similarly situated to pay for business losses, such as reimbursement for tabs caused by customer walk-outs, resulting in not just the loss of the ability of the Defendant to take a tip credit, but also resulting in those deductions further driving down the net wage paid to the aforementioned Plaintiffs.

    (c) Failed to properly pay working time over forty hours per week, at a rate no less than 1 ½ times the regular minimum wage. Defendant paid overtime to Plaintiff and other employees similarly situated using a "straight pay" cash wage (off the paycheck); failed to compensate for all hours worked, including overtime hours(hours shaving); and/or paid overtime at 1 ½ times Plaintiff's regular rate of pay. For example, for the pay period ending August 4, 2013, Plaintiff's regular rate of pay was $4.00/hour but she was paid overtime at a rate of $6.00/hour.

14.     Defendant has violated the rights of the Plaintiff to be paid the full minimum wage. While the FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C. § 203(m), the employer must still pay at least $2.13/hour under the FLSA and $3.63/hour under the MWHL, and must allow the tipped employees to retain all tips (except in a valid tip pooling arrangement).

15.     Defendant was required by the FLSA and the MWHL (29 U.S.C. § 203(m) and Md. Ann Code LE art. § 3-419 (respectively)), to inform tipped employees, like Plaintiff, that among other things, that tipped employees were entitled to retain all of their tips except in a valid tip pooling arrangement, before they could *potentially* pay $3.63 an hour to the Plaintiff (and others similarly situated), an hourly wage which is lower than the requirements of 29 U.S.C. § 206, and half of the minimum wage as set forth in Md. Ann. Code LE art. § 3-413.  Defendant failed to allow Plaintiff, and those similarly situated, to retain all of their tips.

16.     Defendant violated the 29 U.S.C. § 203(m) and Md. Ann. Code LE art. § 3-419 by failing to inform Plaintiff that it was taking a so-called "tip credit" against Defendant's minimum wage obligations, the amount of the tip credit, or that Plaintiff (and other tipped workers) had the right to retain all tips except in a valid tip pooling arrangements, or any of the other requirements set out by law.  See 29 C.F.R. § 531.59(b).

### Causes of Action

### COUNT I
### (FLSA - Failure to Pay Minimum Wage)
### (Plaintiff vs. Defendant)

17.     Plaintiff incorporates paragraphs 1-16 as set forth above, and states that Defendant's actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendant has at all material times failed to pay Plaintiff, and other similarly situated

workers, the proper minimum wage rate, free and clear of deductions and in a timely manner, and otherwise failed to comply with the requirements of 29 U.S.C. § 203(m).

18.   As a result, Plaintiff, and other similarly situated workers, have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

## COUNT II
### (FLSA - Failure to Properly Pay Overtime)
### (Plaintiff v. Defendant)

19.   Plaintiff incorporates paragraphs 1-18, including subparagraphs, as set forth above, and states, in addition, that Defendant's actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendant willfully failed to pay Plaintiff, and other similarly situated workers, an overtime wage of at least 1 ½ times the applicable minimum wage of $7.25/hour, for certain statutory work weeks, and as a result, Plaintiff, and other similarly situated workers, have failed to receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

## COUNT III
### (Maryland Wage/Hour Law - Failure to Pay Minimum Wage)
### (Plaintiff vs. Defendant)

20.   Plaintiff incorporates paragraphs 1-19 as set forth above, and state that Defendant's actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-413 (minimum wage), because Defendant has, at all material times, failed to pay Plaintiff, and other similarly situated workers, a proper minimum wage rate, free and clear and in a timely manner, and otherwise failed to comply with the requirements of Md. Ann. Code LE art. § 3-419.

21.   As a result, Plaintiff, and other similarly situated workers who opt-in into this lawsuit, have the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations.

**COUNT IV**
**(FLSA - Failure to Properly Pay Overtime)**
(*Alternative Count –*
*Overtime Owed Even If In Compliance With Tip Credit Provisions*)
**(Plaintiff v. Defendant)**

22.     Plaintiff incorporates paragraphs 1-21 as set forth above, and alternatively pleads and states that even if Defendant's actions were in compliance with the tip credit provisions of the FLSA, Defendant's actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendant failed to compensate Plaintiff, and other similarly situated persons, at a proper overtime rate after application of the so-called tip credit, for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the regular and applicable minimum wage (currently $7.25 an hour), as required by Federal law and applicable Federal regulations.  Under the FLSA, Defendant was required, but failed, to pay Plaintiff at least $7.26 an hour, for every overtime hour that she worked.

**COUNT V**
**(MWHL - Failure to Properly Pay Overtime)**
(*Alternative Count –*
*Overtime Owed Even If In Compliance With Tip Credit Provisions*)
**(Plaintiff v. Defendant)**

23.     Plaintiff incorporates paragraphs 1-22 as set forth above, and alternatively pleads and states that even if Defendant's actions were in compliance with the tip credit provisions of the MWHL, Defendants' actions complained of herein constitute a violation of Section 3-415 of the MWHL, because Defendant failed to compensate Plaintiff at a proper overtime rate after application of the so-called tip credit, for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the regular and applicable minimum wage (currently $7.25 an hour), as required by Maryland law.  Defendant was required, but failed, to pay Plaintiff, and others similarly situated, at least $7.26 an overtime hour from July 1, 2014

through December 31, 2015; at least $7.63 an overtime hour from January 1, 2015 through June 30, 2015; at least $7.76 an overtime hour from July 1, 2015 through June 30, 2016, and at least $8.01 an overtime hour after July 1, 2016, for every overtime hour that Plaintiff, and other similarly situated employees worked.

## COUNT VI
### (Violation of MWPCL Act – Unlawful Deductions)
### (Plaintiff vs. Defendant)

22.     Plaintiff incorporates paragraphs 1-21 as set forth above, and state that the Plaintiff, and other similarly situated workers who opt into this lawsuit, are "employees" and Defendant is their "employer" within the meaning of MWPCL, and that pursuant to Section 3-503 of the MWPCL, Defendant is proscribed from taking a deduction from Plaintiff's wages (which include tips), unless statutorily authorized.  Specifically, Section 3-503 of the MWPCL provides that an employer may not make a deduction from a wage of an employee unless: (1) ordered by a court of competent jurisdiction; (2) authorized expressly in writing by the employee; (3) allowed by the Commissioner because the employee has received full consideration for the deduction; or (4) otherwise made in accordance with any law or any rule or regulation issued by a governmental unit.  Defendant failed to comply with any of the four criteria before taking a deduction Plaintiff's tipped wages.

23.     As set forth above, Defendant knowingly deducted and withheld portions of Plaintiff's wages without written authority, without proper notice, and in violation of Maryland law. Specifically, Defendant deliberately and unlawfully diverted significant portions of the tips of Plaintiff to Defendant's own benefits and otherwise deducted Plaintiff's lawful wages and earned tips, and unlawfully utilized a tip credit as an excuse to pay Plaintiff less than the Maryland Minimum Wage.

24.     Defendant's actions, therefore, constitute unlawful and unauthorized deductions from Plaintiff's wages in violation of Section 3-503 of the MWPCL. Unlawfully deducted wages are, therefore, due and owing to Plaintiff.

25.     Defendant's unlawful deduction of Plaintiff's wages was not the result of any bona fide dispute.

## COUNT VII
### (Violation of MWPCL Act – Unpaid Wages)
### (Plaintiff vs. Defendant)

26.     Plaintiff incorporates paragraphs 1-25 as set forth above, and state that the actions of Defendant, in refusing to allow Plaintiff and others similarly situated to retain their tipped wages free and clear is a violation of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

27.     That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wages as applicable under the MWHL.

28.     That impliedly, by operation of law, Plaintiff, and other similarly situated workers, were entitled to be paid statutory minimum wages by Defendant (and to the extent applicable, overtime wages under Maryland law as of July 1, 2014), which have not been paid following the cessation of Plaintiff's respective terms of employment.

29.     That there are no bona fide disputes between the parties as to the right of the Plaintiff to retain her tipped wages and to be paid all lawful wages due arising from her employment. Defendant knew, or should know, that it is a covered entity under the MWHL, and that Plaintiff performed work as an employee for which she was not properly compensated.

30.     Plaintiff is thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated minimum

wages, that have gone unpaid.

## **Prayer**

Based on the foregoing allegations, Plaintiff respectfully request that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), and (i) compel Defendant to provide all material contact information, including email addresses, for potential opt-in Plaintiffs who performed work as restaurant servers and bartenders; (ii) issue appropriate Notices as requested in Plaintiff's Motion for Conditional Certification; (iii) supervise the maintenance of this FLSA collective action; and (iv) supervise and enter appropriate orders allowing this matter to be tried as an FLSA collective action.

(b) Order Defendant to pay Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), all unpaid minimum wage payments and overtime premiums determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments and overtime premiums awarded to Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), pursuant to the FLSA;

(c) Order Defendant to pay the Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), an amount equal to triple the amount of unpaid minimum wages owed Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), under the MWHL, after an accounting has been performed, as Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this

litigation), are entitled to such damages under MWPCL;

(d) Award Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), their attorneys' fees and costs in pursuing this action;

(e) Award Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), interest on any sums determined due and owing from Defendant, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(f) Grant Plaintiff (and all similarly situated employees of Defendant who file an opt-in notice in this litigation), any additional relief that the Court deems appropriate and just.

Respectfully submitted,

/s/
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

Attorney for Plaintiff

### Jury Demand

The Plaintiff, by her attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman